```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

JESSIE O'BRIEN and KELLY O'BRIEN,
his wife,

    Plaintiffs,

v.                              Civil Action No. 5:15CV13
                                      (STAMP)

FALCON DRILLING COMPANY LLC,
a Pennsylvania company and
STEVE BISSELL,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND
AND DENYING AS MOOT
MOTION FOR PROTECTIVE ORDER
AND TO STAY DISCOVERY**

    I.  Procedural History

The plaintiffs, Jessie O'Brien and Kelly O'Brien, filed this action in the Circuit Court of Wetzel County, West Virginia. The plaintiffs' complaint alleges that Jessie O'Brien, while working for the defendant, Falcon Drilling Co. LLC ("Falcon"), was seriously injured when told by his employer to remove debris from a drill hammer bit with a hammer and chisel. The plaintiffs' claim is based in West Virginia's worker compensation statute and alleges that the defendants, Falcon and Steve Bissell ("Bissell"), had specific knowledge of the unsafe work conditions and thus caused Jessie O'Brien's injuries with deliberate intent.

The defendants jointly removed this action to this Court asserting that Bissell, who is domiciled in West Virginia, was

fraudulently joined in this action and thus diversity exists between the parties. The defendants argue that the plaintiffs have not asserted a claim against Bissell in their complaint and only state that he is a resident of West Virginia. Further, the defendants argue that they are entitled to removal because without Bissell, there is diversity, and the amount in controversy is met based on the plaintiffs' allegations of the severity of Jessie O'Brien's injuries and their request for "pre-judgment and post-judgment interest and attorneys' fees, costs and expenses incurred in pursuit of the relief requested in this action . . ."

The plaintiffs then filed a motion to remand. That motion is now fully briefed and ripe for review.[1] The plaintiffs also filed a motion for protective order and to stay discovery.

## II. Facts

In their motion to remand, the plaintiffs make two arguments: (1) Bissell was not fraudulently joined in this action and (2) the amount in controversy has not been proven by the defendants.

A. Fraudulent Joinder

The plaintiffs argue that they have alleged a viable claim against Bissell because all of their allegations in the complaint regarding violations of West Virginia Code § 23-4-2 are directed at both defendants. Thus, the plaintiffs assert that the defendants have not met the heavy burden of showing fraudulent joinder.

---

[1]Falcon filed a response. However, Bissell did not.

In response, Falcon contends that the complaint is void of any specific allegations against Bissell. Falcon asserts that the complaint fails to allege any relationship between Falcon and Bissell, Bissell's relationship to the workplace where the accident occurred, or Bissell's relationship to the subject accident. Additionally, Falcon argues that the plaintiffs' assertions in their motion to remand that Bissell was a supervisor and thus employed by Falcon do not appear in the complaint or amended complaint and thus fail because the eligibility for removal is determined at the time of removal. Moreover, Falcon asserts that even if sufficient allegations had been pleaded in the complaint, a cause of action cannot be established against Bissell under West Virginia law because Bissell was a fellow employee, a non-employer. The plaintiffs' reply does not address this argument.

B. Amount in Controversy

As to the amount in controversy, the plaintiffs contend that Falcon has failed to meet its evidentiary burden in proving the amount in controversy. The plaintiffs assert that Falcon's actions of simply listing the injuries, damages, and losses asserted in the plaintiffs' complaint and asking the Court to apply "common sense" is not enough. Thus, the plaintiffs argue that Falcon has not met its burden of proof.

In response, Falcon argues that it has met the more liberal standard of Dart Cherokee Basin Operating Company, LLC, et al. v.

3

Owens, 135 S. Ct. 547 (2014), in stating a good faith allegation in the notice of removal that the amount in controversy has been met. Falcon asserts that under Dart, the plaintiffs' argument that Falcon has not demonstrated that the plaintiffs' damages exceed $75,000.00, rather than stating that their damages are less than $75,000.00, lacks merit. Further, Falcon argues that, in the alternative, if the Court finds that the plaintiffs have made a genuine challenge, discovery should be permitted to allow the Court to decide, by a preponderance of the evidence, whether the amount in controversy requirement is met.

In their reply, the plaintiffs review their arguments from the motion to remand and assert that their arguments coincide with Dart. Further, the plaintiffs assert that Falcon continues to provide speculative evidence of the amount in controversy in its response and has still failed to meet its burden of proof.

In a supplemental brief, Falcon informs the Court that discovery regarding jurisdictional facts is underway. Falcon reiterates its arguments as to Dart, contends that it has a right to conduct jurisdictional discovery under Dart, and states that it has served interrogatories regarding the amount of damages on the plaintiffs.

In response, the plaintiffs argue that the supplemental brief should be disregarded as Falcon did not seek leave of court to file the brief. Next, the plaintiffs assert that the right to conduct

discovery regarding jurisdictional facts is discretionary and Falcon has failed to explain why discovery is warranted.

Based on the analysis that follows, this Court finds that the plaintiffs' motion to remand should be granted.

### III. Applicable Law

A. Fraudulent Joinder

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has

been fraudulently joined.  Id.  "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id.  When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder.  See Rinehart v. Consolidation Coal Co., 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

B.   Amount in Controversy

Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy.  Mullens v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994).  When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record.  14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998).  However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed.  Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

## IV. Discussion

### A. Fraudulent Joinder

The plaintiffs assert that Bissell was not fraudulently joined and that the assertions made in the complaint and amended complaint apply to both Falcon and Bissell. Falcon contends that Bissell was fraudulently joined; that the plaintiffs' efforts to assert allegations now are too late; and, in the alternative, any claim timely made against Bissell would fail because of his status as an employee.

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendants. Marshall, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of right to relief need be asserted." Id. at 232-33 (internal citations omitted). "Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry

7

ends." Hartley, 187 F.3d at 426. Further, the burden is on the defendants to establish fraudulent joinder by clear and convincing evidence. See Rinehart, 660 F. Supp. at 1141.

West Virginia's deliberate intention statute provides two independent means for proving deliberate intention under subsections (i) and (ii) of West Virginia Code § 23-4-2-(d)(2). Specifically, West Virginia Code § 23-4-2(d)(2)(ii) states:

> The immunity from suit provided under this section and under sections six [§ 23-2-6] and six-a [§ 23-2-6a], article two of this chapter may be lost only if the employer or person against whom liability is asserted acted with "deliberate intention". This requirement may be satisfied only if:
>
> (ii) The trier of fact determines, either through specific findings of fact made by the court in a trial without a jury, or through special interrogatories to the jury in a jury trial, that all of the following facts are proven:
>
> (A)  That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B)  That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C)  That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute,

8

rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii) (2005). This section provides for a "deliberate intent" cause of action against an employer only. Young v. Apogee Coal Co., LLC, 753 S.E.2d 52, 54 (W. Va. 2013). "A non-employer 'person,' as identified in West Virginia Code § 23-2-6a (1949), may not be made a defendant in a cause of action brought pursuant to West Virginia Code § 23-4-2(d)(2)(ii)." Id.

The plaintiffs' amended complaint does not specifically state that this action is brought under subsection (ii). However, the paragraphs of the amended complaint follow the five-factor test set forth above rather than the three-part test set forth in subsection (i). See W. Va. Code § 23-4-2(d)(2)(i) (2005); ECF No. 1-2 at 3-4, ¶ 9-14. Additionally, the plaintiffs' amended complaint does not specifically state what Bissell's status is in relation to Jessie O'Brien or Falcon, or any specific conduct that he undertook which led to the injuries suffered by Jessie O'Brien.

9

However, even if the allegations are sufficient, any allegation that Bissell was a supervisor and thus connected to the workplace incident would not be enough to support the claims asserted in the amended complaint. As set forth above, the West Virginia Supreme Court has held that a cause of action under § 23-4-2(d)(2)(ii) may not be made against a non-employer. The plaintiffs' pleadings make no allegations that Bissell was an employer, and to the contrary, appear to allege that he was a supervisor. Thus, "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." Hartley, 187 F.3d at 424 (citation and internal quotation omitted). This Court therefore finds that Bissell was fraudulently joined. However, given that the amount in controversy has not been proven by Falcon (addressed in the following section), this Court must remand this action.

B.  Amount in Controversy

Falcon argues that it has met the standard outlined in Dart based on its assertions in the notice of removal. In the alternative, Falcon asserts that discovery should be taken in this Court to determine whether the amount in controversy has been met. The plaintiffs contend that neither of those assertions are correct.

10

1.  *Dart* Generally

In Dart, the Supreme Court of the United States held that, pursuant to § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 135 S. Ct. at 555. That plausible allegation requirement, however, is made under the assumption that the plaintiff does not contest that the amount in controversy is satisfied. If the plaintiff does contest the defendant's plausible allegation, however, removal will be proper "by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional amount." Id. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B) (2011)). If a "defendant's assertion of the amount in controversy is challenged, . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 554.

In this civil action, Falcon appears to assert that, under Dart, all that is necessary for removal is a "short and plain" statement. That assertion, however, misconstrues the holding of Dart. Dart primarily relates to the necessary pleading standards that removing parties must satisfy. Falcon, however, seems to argue that Dart articulates both a pleading and evidentiary standard. The only evidentiary standard discussed in Dart,

however, relates to the evidentiary burden that is applied when the parties, or the court, contest the defendant's amount in controversy. Here, the plaintiffs contest the amount in controversy requirement, whether it is the motion to remand itself or the arguments set forth in the related filings. See, e.g., Leon v. Gordon Trucking, Inc., 2014 WL 7447701, at *10 n.40, -- F. Supp. 3d -- (C.D. Cal. Dec. 31, 2014). That means this Court must examine the evidence under a preponderance of the evidence standard.

The amended complaint does not contain an assertion as to the amount in controversy. In its notice of removal, Falcon reviews the allegations made in the amended complaint and Jamie O'Brien's alleged injuries in that complaint. Falcon then goes on to direct this Court to undergo a common sense appraisal of those allegations and find that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

This Court finds that such a broad assertion is not enough to support removal of this action. Although Falcon's assertion that this Court must not leave common sense behind is true, this Court must also strictly construe the removal statute. In this case, there simply is not enough evidence to support a finding that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, without something more speculative than a re-listing of Jamie O'Brien's alleged injuries in the amended complaint.

12

2. <u>Jurisdictional Discovery After *Dart*</u>

Moreover, this Court finds that discovery is not required in this Court under <u>Dart</u>. First, this Court finds that the language contained in the removal statute is not ambiguous and thus the application of legislative history is not required. "Statutory interpretation necessarily begins with an analysis of the language of the statute." <u>Holland v. Big River Minerals Corp.</u>, 181 F.3d 597, 603 (4th Cir. 1999) (citing <u>Landreth Timber Co. v. Landreth</u>, 471 U.S. 681, 685 (1985)). "[I]n analyzing the meaning of a statute, [this Court] must first 'determine whether the language at issue has a plain and unambiguous meaning.'" <u>Id.</u> (citing <u>Robinson v. Shell Oil Co.</u>, 519 U.S. 337, 340 (1997)). In making such a determination, this Court is "guided 'by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.'" <u>Id.</u> (citation omitted).

> The removal statute only uses the word "discovery" once:
>
> (3)(A) If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to **discovery**, shall be treated as an 'other paper' under subsection (b)(3).

28 U.S.C. § 1446(c)(3)(A) (2011) (emphasis added). This is, as stated above, made in reference to a situation involving subsection (b)(3) which deals with a case that is not initially removable in

the state court action but later becomes removable. 28 U.S.C. § 1446(b)(3)(2011). Accordingly, it is clear that this section is related to discovery that is taken in the state court, not discovery that is taken in the federal court after removal. Thus, because "the language is plain and 'the statutory scheme is coherent and consistent,' [this Court] need not inquire further." Id. (citing United States v. Ron Pair Enters., Inc., 489 U.S. 235, 240-41, 109 S. Ct. 1026, 103 L.Ed.2d 290 (1989)).

However, this Court will review the legislative history, as an alternative finding, if indeed the statutory language is found to be ambiguous. To be clear, however, this Court finds that the statutory language is unambiguous.

"If the statutory language is ambiguous, [this Court will] 'look beyond the language of the statute to the legislative history for guidance.'" Id. (citing Stiltner v. Beretta U.S.A. Corp., 74 F.3d 1473, 1482 (4th Cir. 1996) (en banc)). This Court has reviewed the House Committee Report referred to by the Supreme Court in Dart and by Falcon in its pleadings. Dart, 135 S. Ct. at (quoting from H.R. Rep. No. 112-10, at 16 (2011)). This Court finds that the report does not state that a defendant is entitled to discovery in the federal court after a notice of removal has been filed and the amount in controversy has been contested. Rather, that report states that a defendant has a "right to take discovery in the state court [which] can be used to help determine

the amount in controversy." H.R. Rep. No. 112-10, at 16. Thus, the paragraph that follows,[2] which Dart cites and Falcon cites in this case as support, is viewed by this Court as referring to a situation where the amount in controversy is not immediately apparent but becomes apparent later, in the state court, through discovery, "other paper," or a motion by the plaintiffs, and then triggers the 30-day removal period. 28 U.S.C. §§ 1446(c)(3)(A), 1446(b)(3) (2011).

The House Report is not referring to discovery that should be immediately taken in the federal court when the amount in controversy is contested and the preponderance of evidence must be applied. On the other hand, discovery would be ordered by this Court if there was a question as to an "other paper," motion, or something found through discovery in the state court that triggered the 30-day removal period pursuant to 28 U.S.C. § 1446(b)(3). As such, when the "discovery" paragraph is read in context with the paragraph preceding it and with Dart, this Court finds that

---

[2]House Report No. 112-10:

> Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.

H.R. Rep. No. 112-10 at 16.

discovery is not required at this time, in this Court. However, if further evidence is revealed through discovery in the state court, a filing by the plaintiffs, or some "other paper," and the defendants thereafter timely remove this case, the above paragraph and its application through Dart, may apply if this Court finds that such discovery is needed. At this time, however, this Court will not order discovery on the jurisdictional issues in this case and remand is proper.

Finally, this Court also finds, in the alternative, that if its reading of the statute and the legislative history is incorrect, that ordering discovery would not be mandatory. The House Report states that "[d]iscovery may be taken" which indicates that if such a direction is applicable to this Court, that it is discretionary. Thus, given this Court's finding as to the speculative nature of the current notice of removal, this Court would not have discretionarily granted discovery if such a direction was found to be applicable to this Court.

C. <u>Motion for Protective Order and to Stay Discovery</u>

As this Court has granted the plaintiffs' motion to remand, the plaintiffs' motion for protective order and to stay discovery is now moot and must be denied as such.

V. <u>Conclusion</u>

For the reasons stated above, this Court finds that the plaintiffs' motion to remand is GRANTED. As such, the plaintiffs'

motion for protective order and to stay discovery is DENIED AS MOOT.  This matter is hereby REMANDED to the Circuit Court of Wetzel County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Wetzel County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    April 9, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE